### XIA CAI, Petitioner,

v.

### Michael B. MUKASEY, Respondent.

### No. 08–0247–ag.

United States Court of Appeals, Second Circuit.

Aug. 27, 2008.

Sheema Chaudhry, Law Offices of Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner, Xia Cai, a native and citizen of China, seeks review of a December 20,

2007, order of the BIA affirming the May 24, 2006, decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xia Cai,* No. A 97 811 591 (B.I.A. Dec. 20, 2007), *aff'g* No. A 97 811 591 (Immig. Ct. N.Y. City May 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the agency's adverse credibility determination. Cai does not challenge before this Court the IJ's findings that: (1) her testimony that she only practiced the first through fourth Falun Gong exercises was inconsistent with the photograph she submitted of herself doing the fifth exercise; (2) it was implausible that her father would place her (but not her brother or sister) in harm's way by having her illegally distribute Falun Gong fliers; and (3) her testimony that she practiced Falun Gong in a park was inconsistent with her friend's testimony

that he only saw her practice it at her home. Therefore, we deem any challenge to those findings waived, and they stand as valid bases for the IJ's adverse credibility determination. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

With respect to the findings Cai does challenge, the IJ found that Cai's demeanor indicated that she had memorized her testimony, noting that Cai appeared "frustrated" and "had a look of disbelief" in response to several questions. Because an IJ's findings regarding a petitioner's demeanor are accorded "particular deference," and because the IJ gave examples to support his finding, substantial evidence supports the IJ's demeanor finding.[1] *See, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007); *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109–10 (2d Cir.2006).

The IJ also reasonably found implausible Cai's testimony that her parents entered her into a marriage contract at sixteen promising that she would marry the village head's son although she could not legally marry until she was twenty-one. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 16 (2d Cir.2006). Cai argues that the contract provided only that she would later marry the village head's son. However, when taken in the context of the other findings supporting the adverse credibility determination, the IJ did not err in finding this testimony implausible. *See Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir.2008) (finding that this Court should review "the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized"). Additionally, the IJ properly found that in light of Cai's deficient

---

**1.** Our conclusion is not altered because the BIA found that one of the IJ's demeanor related findings was erroneous; *i.e.,* his finding regarding "meridians." It is sufficient that the IJ, after observing Cai's demeanor during her testimony, concluded that her demeanor reflected a lack of credibility.

corroboration, she was unable to rehabilitate her testimony. *Cf. Xiao Ji Chen,* 471 F.3d at 341.

To the extent that Cai challenges the IJ's remaining credibility findings, we need not consider his arguments. Even if those findings were in error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. *Cf. id.* at 338–39. Accordingly, we conclude that the IJ properly denied Cai's application for asylum and withholding of removal where the only evidence that she would be persecuted depended on her credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Cai has failed meaningfully to challenge the agency's denial of CAT relief before this Court, we deem any such challenge waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.